**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Joshua Jon Carlson, | Case No. 20-CV-1676 (WMW/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Paul Schnell, William Bolin, Kris Rish, Crystal Hansen, Darryl Goebel, and Chad Clough, | |
| Defendants. | |

This action comes before the Court on Plaintiff Joshua Jon Carlson's letter to the Court received on December 21, 2020 [ECF No. 36] ("December 2020 Letter"). For the following reasons, the Court recommends dismissing this action without prejudice.

In an Order dated September 28, 2020, this Court ordered Carlson to file an amended complaint meeting certain conditions. (Order 3, 7 [ECF No. 19] ("September 2020 Order").)[1] The Court gave Carlson 30 days—until October 28, 2020—to submit a new complaint, failing which the Court would recommend dismissing this action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). The Court also referred Carlson to the Federal Bar Association's Pro Se Project ("PSP") in response to a request

---

[1] The September 2020 Order explained that Carlson's original complaint [ECF No. 1] failed to comply with the Federal Rules of Civil Procedure. Specifically, "[t]he Complaint's factual allegations mainly consist of lettered paragraphs referring the Court to various other documents"; the pleading did not present, as Federal Rule of Civil Procedure Rule 8(a)(1) requires, a "short and plain statement of the claim showing that the pleader is entitled to relief." (Sept. 2020 Order 1–2 & n.2.)

for counsel. (Sept. 2020 Order 5–7.) As part of this referral, however, the Court warned Carlson that "while one of the PSP's volunteer lawyers may agree to represent him, *there is no requirement that a volunteer lawyer do so or that any lawyer be appointed to assist him.*" (*Id.* at 6 (emphasis in original).)

In a letter received on October 5, 2020, Carlson asked the Court for additional time to complete his amended complaint. (Carlson Letter 1 [ECF No. 21].) This letter also stated that Carlson had been in contact with a PSP coordinator and "will be working with her [and] others also." Responding to the letter, this Court gave Carlson until December 14, 2020, to file an amended complaint. (Order 1 [ECF No. 23].)

Carlson sent the Court another letter later in October. (Carlson Letter [ECF No. 24].) This letter, among other things, thanked the Court "for [g]ranting [Carlson] counsel," but expressed concern that the PSP coordinator had not yet found a volunteer attorney. (*Id.* at 2.) In response, the Court warned Carlson that he had not been *appointed* counsel, that he had merely been *referred* to the PSP, and that there was no guarantee that a volunteer lawyer would assist him. (Order 2 [Doc. No. 30].) The Court also reminded Carlson that (1) his amended complaint was due on December 14, 2020; and (2) "his present complaint suffers from fundamental defects and risks being dismissed . . . ." (*Id.*)

Carlson sent the Court another letter in late November 2020. (Carlson Letter [ECF No. 31].) In relevant part, this letter requested a further extension to file an amended complaint. (*See id.* at 2.) In an Order dated December 1, 2020, the Court granted that

2

request, giving Carlson until January 15, 2021. (Order 1 [ECF No. 32] ("December 2020 Order").)[2]

On December 21, 2020, this Court received the December 2020 Letter. Carlson wrote that the PSP referral "did not come out with a positive outcome or [for] that matter any outcome." (Dec. 2020 Ltr. 1.) The Court construes this to mean that Carlson was unable to find a volunteer lawyer to assist him—a possibility he was specifically and repeatedly warned about by the Court. The December 2020 Letter further reads, "As I was unable to meet the deadline the courts set. I'm prepared for my case to be dismissed." (*Id.* (errors in original).) Carlson has never filed an amended complaint.

As a threshold point, under Federal Rule of Civil Procedure 41(a), a plaintiff "may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Defendants here have not served an answer or a summary judgment motion. In the Court's view, Carlson's statements in the December 2020 Letter, viewed in the context and history of this case, suggest that he wishes to voluntarily dismiss this action. The Court therefore recommends dismissing this action without prejudice pursuant to Rule 41(a).

---

[2] The Court also noted in this Order that the Court "ha[d] recently been informed that a volunteer attorney ha[d] agreed to consult with Carlson, pursuant to the Court's referral of Carlson to the [PSP]." (Dec. 2020 Order 1.) To the best of the Court's knowledge, that consultation took place, but did not result in an agreement to represent Carlson in this case.

But even if the Court did not construe the December 2020 Letter as a notice of dismissal, the Court would recommend dismissing this action under Rule 41(b). Carlson's deadline for filing an amended complaint has now passed, and he never filed an amended complaint. As a result, even if the December 2020 Letter were disregarded, the Court would recommend, in accordance with its prior Order, dismissing this action without prejudice under Rule 41(b) for failure to prosecute. *See, e.g.*, *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(a) or, in the alternative, Rule 41(b).

Dated: February 8, 2021         *s/ Hildy Bowbeer*
                                Hildy Bowbeer
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written

4

objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).