UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joshua Jon Carlson, | Case No. 20-cv-1676 (WMW/HB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Paul Schnell et al., | |
| Defendants. | |

---

This matter is before the Court on the February 8, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 37.) The R&R recommends that this case be dismissed without prejudice for failure to prosecute, pursuant to Rule 41, Fed. R. Civ. P.

A district court reviews *de novo* those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). When a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). A district court reviews for clear error any aspect of an R&R to which no specific objection is made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R.

Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Carlson is *pro se*, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Carlson filed a "response" to the R&R, which the Court construes as objections to the R&R. *See id.* Carlson's objections do not identify any error of law or fact that warrants rejecting the recommendations in the R&R.[1] Having carefully reviewed the R&R, the Court finds that it is neither clearly erroneous nor contrary to law.

Based on the R&R, the foregoing analysis, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Joshua Jon Carlson's objections, (Dkt. 38), are **OVERRULED**.

2. The February 8, 2021 R&R, (Dkt. 37), is **ADOPTED**.

3. Plaintiff Joshua Jon Carlson's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

[1] Carlson states in his objections that he did not intend to voluntarily dismiss his case. *See* Fed. R. Civ. P. 41(a). The R&R recommends voluntary dismissal pursuant to Rule 41(a) or, in the alternative, involuntary dismissal pursuant to Rule 41(b). *See Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006) ("A district court may sua sponte dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order."); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997) (dismissal pursuant to Rule 41(b) requires that the district court "only find that a litigant acted deliberately rather than accidentally, and need not find bad faith"). Here, as addressed in the R&R, Carlson has failed to comply with the Court's order to file an amended complaint. Carlson does not address the R&R's recommendation regarding involuntary dismissal in his objections.

3

Dated: April 12, 2021                                        <u>s/Wilhelmina M. Wright</u>
                                                                                        Wilhelmina M. Wright
                                                                                        United States District Judge